# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

GARY R. THOMPSON, )
                Petitioner, )
)
-vs- ) Case No. CIV-97-286-F
)
RICK WHITTEN, WARDEN, )
)
                Respondent. )

## ORDER

Petitioner, a state prisoner proceeding *pro se*, has filed the following motions:

- "Motion to Amend and Supplement Pursuant to [Fed. R. Civ. P.] 15(c) and (d)" – Doc. no. 114
- "Motion for Judgment [of Acquittal] Pursuant to Fed. R. [Crim.] P. 29(a)" – Doc. no. 115
- "Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)" – Doc. no. 116
- "Motion for Judgment Pursuant to Fed. R. Civ. P. 50" – Doc. no. 117
- "Motion for New Trial" – Doc. no. 118
- "Motion in Arrest of Judgment" – Doc. no. 119
- "Motion to Suppress" – Doc. no. 120
- "Motion for Evidentiary Hearing" – Doc. no. 124
- "Motion for Request of Franks Hearing Pursuant to [Franks v. Delaware,] 438 U.S. 154 (1978)" – Doc. no. 125
- "Motion for Appointment of Counsel" – Doc. no. 126

Respondent has responded to petitioner's motions. Doc. no. 127. Petitioner has replied to the response. Doc. no. 130. In addition to his reply, petitioner has filed a "Motion for Nunc Pro Tunc to Correct Record." Doc. no. 129. Upon due consideration, the court makes its determination.

I.

In 1994, petitioner was convicted of first-degree murder and sentenced to life imprisonment. District Court of Oklahoma County, Case No. CF-93-918. After his conviction and sentence were affirmed on direct appeal, petitioner, represented by counsel, filed a petition for a writ of a habeas corpus under 28 U.S.C. § 2254. Adopting the recommendation of United States Magistrate Judge Bana Roberts,[1] United States District Judge Tim Leonard denied relief under § 2254. The Tenth Circuit granted a certificate of appealability and affirmed the decision. Thompson v. Ward, 13 Fed.Appx. 782 (10th Cir. 2001) (unpublished).

Petitioner, represented by new counsel, filed a second or successive § 2254 petition challenging his murder conviction in 2007. Thompson v. Sirmons, Case No. CIV-07-706-F. This court, adopting the recommendation of United States Magistrate Judge Doyle Argo, transferred the petition[2] to the Tenth Circuit pursuant to 28 U.S.C. § 1631. After transfer, the Tenth Circuit directed petitioner to file a motion for authorization to file a second or successive § 2254 petition. Petitioner filed both a motion to remand and a motion for authorization. The Tenth Circuit

---

[1] Magistrate Judge Roberts addressed and rejected the following three claims raised by petitioner: (1) the state trial court erred by not giving an instruction on the lesser included offense of second-degree murder; (2) his trial counsel provided ineffective assistance by failing to request an instruction on second degree murder; and (3) there was insufficient evidence to support petitioner's conviction. Doc. no. 57, p. 2.

[2] The petition alleged three claims in support of § 2254 relief: (1) ineffective assistance of trial and appellate counsel; (2) the state violated its obligation under Brady v. Maryland, 373 U.S. 83 (1963), to disclose favorable evidence; and (3) denial of access to the court due to an absence of "state corrective process." Case No. 07-706-F, doc. no. 11, p. 2.

denied both motions. In re Gary R. Thompson, Nos. 07-6223 & 07-6279, unpublished order (10th Cir. Dec. 3, 2007).

In 2009, petitioner, represented by counsel, filed a motion under Rule 60(b), Fed. R. Civ. P., seeking to vacate Judge Leonard's judgment denying habeas relief under § 2254. Doc. no. 72. Judge Leonard found the motion to be a "mixed motion," containing two "true" Rule 60(b) claims and a second or successive § 2254 claim. Doc. no. 76, pp. 3, 4. He denied the Rule 60(b) claims as untimely and dismissed the second or successive § 2254 claim (alleging error in adjudicating ineffective assistance of counsel claim) for lack of jurisdiction. Judge Leonard declined to transfer the second or successive § 2254 claim to the Tenth Circuit, finding the interest of justice not served by the transfer. On appeal, the Tenth Circuit denied a certificate of appealability and dismissed the appeal. Thompson v. Workman, 372 Fed.Appx. 858 (10th Cir. 2010) (unpublished). The appellate court specifically found Judge Leonard properly exercised his discretion in dismissing the successive § 2254 claim rather than transferring the claim to the Tenth Circuit. Petitioner filed a petition for a writ of certiorari, which was subsequently denied by the Supreme Court. Thompson v. Workman, 562 U.S. 1008 (2010). A rehearing was also denied. Thompson v. Workman, 562 U.S. 1207 (2011).

Petitioner, proceeding *pro se*, filed a motion in 2011 for the court to reconsider the denial of the "true" Rule 60(b) claims. Doc. no. 103. Judge Leonard determined the motion to be a second or successive § 2254 petition because it asserted or reasserted a federal basis for relief from petitioner's underlying conviction and dismissed the petition for lack of jurisdiction. Doc. no. 104. Petitioner appealed the decision, which the Tenth Circuit later dismissed for lack of prosecution pursuant to 10th Cir. R. 42.1. Doc. no. 108.

In February of 2018, petitioner, proceeding *pro se*, sought authorization from the Tenth Circuit to file a second or successive § 2254 petition, alleging three claims

3

for relief based upon newly discovered evidence. Doc. no. 110. The new evidence involved an undisclosed deal that one of the prosecution's key witnesses, Dennis Day, would receive favorable treatment on his criminal case in exchange for testifying against petitioner. He asserted that the prosecution's failure to disclose the deal violated Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). On February 27, 2018, the Tenth Circuit denied authorization to file a petition, finding the new evidence failed to meet the standard for authorization set forth in 28 U.S.C. § 2244(b)(2). Doc. no. 112.

A month after the Tenth Circuit's denial of authorization, petitioner, proceeding *pro se*, filed another § 2254 petition.[3] Thompson v. Bryant, Case No. CIV-18-288-F. Respondent filed a motion seeking to dismiss the unauthorized successive § 2254 petition for lack of jurisdiction. Adopting the recommendation of United States Magistrate Judge Gary M. Purcell, the court granted respondent's motion and dismissed the petition for lack of jurisdiction. Petitioner appealed the dismissal and asked the Tenth Circuit for authorization to file the § 2254 petition. The Tenth Circuit denied a certificate of appealability and dismissed the appeal. It also denied authorization to file the § 2254 petition. Thompson v. Bryant, 750 Fed.Appx. 708 (10th Cir. 2018) (unpublished).

In December of 2019, petitioner filed the motions currently at issue.

---

[3] The petition alleged four claims: (1) failure of the state to disclose that the prosecution's witness, Dennis Day, had received favorable treatment on a criminal case in exchange for his testimony; (2) the state suppressed portions of the preliminary hearing transcript that were favorable to the defense; (3) ineffective assistance of trial counsel based on a failure to use preliminary hearing transcript during cross-examination of Mr. Day; and (4) ineffective assistance of appellate counsel. Case No. CIV-18-288-F, doc. no. 20, p. 7.

II.

With his first motion, petitioner requests the court to grant him leave to amend or supplement his original habeas corpus petition with alleged "*Brady/Napue/*[4]*Giglio* violations." Petitioner asserts that during his trial, the prosecutor engaged in willful misconduct. Specifically, petitioner asserts that the prosecutor knowingly "elicit[ed] [Dennis] Day's false testimony at [petitioner's] trial, [] [used] that false testimony to improperly vouch for Day's veracity to the jury during closing arguments, and [] [took] affirmative action to cover up the tacit agreement [] made with Day in exchange for Day's favorable testimony against [petitioner]." Doc. no. 114, p. 2.

Petitioner relies upon the Tenth Circuit's decision in Douglas v. Workman, 560 F.3d 1156 (10th Cir. 2009), as authority to supplement his petition. In Douglas, a key witness recanted his trial testimony and described egregious and willful prosecutorial misconduct in obtaining and using his testimony.[5] This conduct occurred after the district court denied the Douglas petitioner's first habeas petition, but while his appeal of that ruling was pending. The petitioner raised the Brady claim on appeal and "under the unique circumstances" present, the Tenth Circuit found it appropriate to treat the Brady claim as a supplement to the prosecutorial misconduct claims alleged in the initial habeas petition rather than as a second or successive request for habeas relief. Douglas, 560 F.3d at 1187. In the case at bar, however, the petitioner is not seeking to supplement his petition while an appeal from his initial habeas petition is pending. Twenty years have passed since the judgment denying petitioner's initial habeas petition was entered. Moreover, most of the other pertinent factors upon which the Tenth Circuit based its decision to allow

---

[4] Napue v. Illinois, 360 U.S. 264 (1959).

[5] The prosecutor involved in the Douglas case was the same prosecutor for petitioner's case.

5

the Douglas petitioner to supplement his habeas petition do not exist in this case. *Id*. at 1190-1192; 1194-1195. The court concludes that petitioner's case is not a unique circumstance or an "unusual case," *id*. at 1189, to permit the supplementation of petitioner's initial habeas petition. Petitioner's reliance upon Douglas is unavailing.

Petitioner's motion, which "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction[,]" must be treated as a second or successive § 2254 petition. Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006).[6] Before petitioner may file a second or successive § 2254 petition in this court, he must successfully apply to the Tenth Circuit for an order authorizing this court to consider it. 28 U.S.C. § 2244(b)(3)(A). In the absence of such order, the court lacks jurisdiction to address the merits of the motion. *See*, In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008). Although the court may transfer petitioner's motion to the Tenth Circuit, pursuant to 28 U.S.C. § 1631, for an authorization order, *id*. at 1252, the court declines to do so. The court finds that the interest of justice is not served by transferring the motion to the appellate court. The Tenth Circuit has previously denied petitioner authorization to file a § 2254 petition based upon the same allegations made in his motion. Petitioner is unable to satisfy the requirements set forth in 28 U.S.C. § 2244(b)(2). Therefore, the motion to amend and supplement the initial habeas petition shall be dismissed for lack of jurisdiction.

With respect to petitioner's motions at doc. nos. 115, 116, 117, 118, 119, 120, 124, 125 and 129, the court also finds that it lacks jurisdiction to consider them. These post-judgment motions are similarly "in substance or effect [asserting] or [reasserting] a federal basis for relief from the petitioner's underlying conviction." Spitznas, 464 F.3d at 1215. The court finds that it is not in the interest of justice to

---

[6] The same is true even if petitioner is seeking to amend his habeas petition rather than to supplement it. *See*, United States v. Nelson, 465 F.3d 1145 (10th Cir. 2006).

6

transfer these motions to the Tenth Circuit. The appellate court has previously denied authorization to file a second or successive § 2254 as to certain of the alleged claims. Further, petitioner cannot satisfy the requirements set forth in § 2244(b)(2) for any of the motions. These motions shall therefore be dismissed for lack of jurisdiction.

Lastly, as to petitioner's motion for appointment of counsel at doc. no. 126, the court finds that it should be denied. Appointment of counsel would be inappropriate given that the court lacks jurisdiction over petitioner's motions.

### III.

Rule 11(a) of the Rules Governing Section 2254 Cases in the District Courts requires the court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. To obtain a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the district court's decision rests on procedural grounds, such as this court's determination that a motion presents unauthorized second or successive habeas claims, the petitioner "faces a double hurdle." Coppage v. McKune, 534 F.3d 1279, 1281 (10th Cir. 2008). Specifically, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Upon review, the court finds that petitioner cannot satisfy this required showing. Therefore, the court finds that a certificate of appealability for petitioner should be denied.

IV.

Based upon the foregoing, petitioner's motions (doc. nos. 114, 115, 116, 117, 118, 119, 120, 124, 125 and 129) are **DISMISSED** for lack of jurisdiction. Petitioner's motion for appointment of counsel (doc. no. 126) is **DENIED**. A certificate of appealability is **DENIED**.

IT IS SO ORDERED this 27th day of March, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

97-0286p001.docx